634

## Bordner v. Bordner

*John R. Kelsey, III*, for plaintiff.
*Charles P. Buchanio*, for defendant.

GATES, *P.J.*, July 11, 1980—On July 9, 1980 we granted leave to defendant to proceed under the Divorce Code of April 2, 1980, No. 26, 23 P.S. § 101 et seq. On July 10, 1980 plaintiff asked that we vacate our order and dismiss the application of defendant.

With this relatively inauspicious case we launch what we expect to be an extended career of interpreting the provisions of our new Divorce Code.

Section 103 of the code makes it clear that the provisions of the act shall not affect any suit or pending action. A pending suit may be proceeded with and concluded either under the laws in existence when the suit started or, "upon application granted," under the provisions of the new act.

Further, the Supreme Court adopted procedural rules to implement the act, effective July 1, 1980. Pa.R.C.P. 1920.92 provides as follows:

"These rules shall become effective July 1, 1980. They shall not affect any suit or action pending on

that date, but the case may be proceeded with and concluded under the rules in existence when such suit or action was instituted notwithstanding their rescission by this order, unless, upon application granted, the court orders that the action proceed under the Divorce Code and these rules."

Initially, we note that the expression "upon application granted" is not qualified by the usual language used in the Rules of Civil Procedure, "upon cause shown." It would appear then that if a pending divorce has not proceeded to a final decree, either party to a pending divorce proceeding has the right to an order to proceed under the provisions of the new Divorce Code and the rules of procedure adopted to implement the code. See Pa.R.C.P. 1920.1 et seq.

We can only perceive one reason for involving the court in a pending proceeding. Depending upon the stage of the proceedings, the court must direct and specify to the master the claims which are referred to him for hearing, report and recommendation. Defendant, while not wishing to contest the divorce, does wish to have her rights to alimony and marital property heard by the court. Both under the Divorce Code and the new rules, a master can hear and make recommendations on all issues except custody and paternity. See Section 304 of the Divorce Code and Rules 1920.53, 1920.54 and 1920.55.

We recognize that this procedure will now extend and prolong the present divorce proceeding. Nonetheless, the legislature has seen fit to "reform" our divorce laws and grant spouses valuable rights not heretofore available. Some of these new rights are the division of marital property and alimony. We fail to perceive that a delay in the

636

proceedings should prevent a party to a divorce proceeding from seeking these remedies. Thus, we shall order the master to proceed under the new Divorce Code and the newly adopted rules of procedure.

### ORDER

And now, July 11, 1980, William L. Thurston, Esq., the master appointed by us to take testimony and make recommendations and report to the court in the above captioned matter shall proceed forthwith under Pa.R.C.P. 1920.1 et seq., effective July 1, 1980, and determine in addition to plaintiff's right to a divorce, the issue of defendant's entitlement to alimony and/or share in marital property. The master is ordered to schedule a hearing within 30 days and to file his report within 30 days in accordance with Pa.R.C.P. 1920.53.